IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HERBERT JONES**                                                                   **PLAINTIFF**

**V.**                        **NO. 4:24-CV-56-DMB-JMV**

**LARRY STAMPS and**
**ANITA STAMPS**            **DEFENDANTS**

## ORDER

On May 24, 2024, Herbert Jones filed a pro se complaint against Larry Stamps and Anita Stamps in the Circuit Court of Sunflower County, Mississippi. Doc. #2. Asserting diversity jurisdiction, Anita,[1] the only defendant served, removed the case to the United States District Court for the Northern District of Mississippi on June 21, 2024.[2] Doc. #1. On September 24, 2024, Anita filed a "Motion to Dismiss Unserved Defendant" asking the Court to "dismiss [Jones'] Complaint … against … Larry Stamps, for failure to timely serve process on him, in violation of Fed. R. Civ. P. 4(m)."[3] Doc. #15 at 1–2. Jones did not respond to the motion.[4]

---

[1] To avoid confusion, the Court uses the named defendants' first names since they have the same surname.

[2] Anita was served May 29, 2024. Doc. #7-7. Anita—an attorney with Stamps & Stamps law firm licensed to practice in Mississippi—is representing herself in this case. Doc. #4 at 3.

[3] While no counsel of record has appeared on Larry's behalf given Jones' failure to serve Larry, the Court presumes Anita represents Larry who, according to the complaint, is also an attorney with Stamps & Stamps. Doc. #2 at 2.

[4] Anita filed a "Notice of Insufficient Address" on July 11 advising (1) the envelope containing the notice of removal she sent to Jones by United States mail at his Louisiana address listed in his state court summons was returned to her as "'Not Deliverable As Addressed [,] Unable To Forward' and an 'Insufficient Address'" but that all her filings "were delivered, via electronic mail, to [Jones'] e-mail address;" and (2) her office contacted Jones on July 9 by phone to attempt to confirm his address" but he "would not confirm his mailing address, even after repeated requests." Doc. #9 at 1–2. The mail with the case assignment that the Clerk of the Court sent to Jones at his Louisiana address on June 21 was returned as undeliverable too. Docs. #3, #8. Jones filed a document in this case on November 18 but per Jones' own description, the document is only "a response to stamps&stamps law firm on [his] case being moved from county court to federal court." Doc. #18 at PageID 262. The mailing address for Jones indicated in handwriting on the document and listed on the envelope is an address in Gaithersburg, Maryland. *Id.* at PageID 262, 276. However, as Anita's July 11 notice recognized, under Local Rule 11(a), "[e]very attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Doc. #9 at 2. Regardless, the time for Jones to respond to the motion to dismiss Larry expired October 8, 2024, and Jones did not request an extension to respond.

Federal Rule of Civil Procedure 4(m) instructs that "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Because there is nothing in the record indicating Jones ever served Larry, the motion to dismiss Larry [15] is **GRANTED**.[5] Jones' claims against Larry are **DISMISSED without prejudice**.

**SO ORDERED**, this 18th day of November, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] The Clerk of the Court notified Jones on multiple occasions that process as to Larry was incomplete. *See, e.g.*, Docs. #14, #17. Even if Anita does not represent Larry, the Court alternatively dismisses Larry on its own pursuant to Rule 4(m).