IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HERBERT JONES**                                                                                   **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO.: 4:24-CV-56-DMB-JMV**

**LARRY STAMPS, ET AL.**                                                     **DEFENDANTS**

**ORDER GRANTING MOTION TO STRIKE AMENDED COMPLAINT**

Before the Court is Defendant Anita Stamps' Motion to Strike or Dismiss Amended Complaint and for Other Relief [Doc. No. 30]. The pro se Plaintiff filed an amended complaint [Doc. No. 29] on January 2, 2025. For the reasons explained hereafter, the Court finds that Plaintiff's amended complaint should be stricken.

The pro se Plaintiff originally filed his complaint [Doc. No. 2] in the Circuit Court of Sunflower County, Mississippi on May 24, 2024. This case was removed to federal court on June 21, 2024, by Defendant Anita Stamps. On that same date, Defendant Anita Stamps filed her responsive pleading, a Motion to Dismiss, or Alternatively, to Transfer Venue [Doc. No. 4]. On September 24, 2024, Defendant Anita Stamps filed a Motion to Dismiss Unserved Defendant [Doc. No. 15], requesting dismissal of Defendant Larry Stamps due to Plaintiff's failure to timely serve process upon him. Then, on November 18, 2024, the District Judge granted the Motion to Dismiss Unserved Defendant and dismissed the Plaintiff's claims against Defendant Larry Stamps. [Doc. No. 20].

Federal Rule of Civil Procedure 15(a) provides that:

(1) Amending as a Matter of Course: A party may amend its pleading once as a matter of course no later than:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

>		(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Because the pro se Plaintiff did not amend his complaint within the confines of Fed. R. Civ. P. 15(a)(1)(A) or (B), any proposed amendment would fall under Fed. R. Civ. P. 15(a)(2), which states that "a party may amend its pleading only with the opposing party's written consent or the court's leave." In this instance, the pro se Plaintiff did not obtain the opposing party's written consent or the court's leave before filing his amended complaint; accordingly, the amended complaint is improper and must be stricken.

**THEREFORE, IT IS ORDERED** that the Defendant's Motion to Strike is hereby granted and the amended complaint [Doc. No. 29] is hereby **STRICKEN**. Should the pro se Plaintiff desire to file an amended complaint, he may do so by either obtaining the opposing party's written consent or by filing a motion for leave to amend with a proposed amended complaint attached as an exhibit.

**SO ORDERED,** this the 8th day of January, 2025.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**