IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**HERBERT JONES**                                                                                       **PLAINTIFF**

V.                                                                                              NO. 4:24-CV-56-DMB-JMV

**LARRY STAMPS and**
**ANITA STAMPS**                                                                                    **DEFENDANTS**

**ORDER**

Following Anita Stamps' removal of Herbert Jones' pro se complaint based on her assertion of diversity jurisdiction, Anita filed an amended motion to dismiss the complaint, then she moved to transfer venue to the Southern District of Mississippi, then the Court ordered her to show cause why this case should not be remanded for failure to meet the requisite amount in controversy, and then Jones sought and was granted leave to amend his complaint but did not file the proposed amended complaint. Because the amount in controversy did not exceed the jurisdictional threshold at the time Anita removed this case to federal court (or when Jones initiated this case in state court), this case will be remanded to the Circuit Court of Sunflower County, Anita's amended motion to dismiss will be denied without prejudice, and her motion to transfer will be denied as moot.

**I**
**Procedural History**

On May 24, 2024, Herbert Jones filed a pro se complaint against Larry Stamps and Anita Stamps in the Circuit Court of Sunflower County, Mississippi, claiming Larry and Anita "of Stamps & Stamps Law Office defrauded [him] out of $5,500.00 in August 2022, when [he] hired them" to represent him regarding his father's estate. Doc. #2 at 2. Asserting diversity jurisdiction,

Anita,[1] the only defendant served,[2] removed the case to the United States District Court for the Northern District of Mississippi on June 21, 2024.[3] Doc. #1.

On July 18, 2024, Anita filed an amended motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[4] Doc. #12. On September 24, 2024, Anita moved to dismiss the claims against Larry as an unserved defendant.[5] Doc. #15. The Court granted the motion to dismiss Larry on November 18, 2024. Doc. #20.

On November 22, 2024, Anita filed a motion to transfer venue of this case to the United States District Court for the Southern District of Mississippi. Doc. #23. On December 9, 2024, the Court ordered Anita to show cause why this case should not be remanded for lack of diversity jurisdiction due to failure to satisfy the amount in controversy. Doc. #25. Though the show cause order was not directed to him, Jones responded to the show cause order on December 13, 2024. Doc. #26. Anita responded to the show cause order four days later. Doc. #27.

On February 3, 2025, Jones moved for leave to amend his complaint, attaching a proposed amended complaint as an exhibit. Docs. #33, #33-1. On March 17, 2025, after considering Anita's response opposing amendment, United States Magistrate Judge Jane M. Virden granted Jones leave to amend based on the proposed amended complaint "as to the count for fraudulent misrepresentation and as to the count for breach of contract" but denied leave "as to the abuse of process claim," specifying in the order:

---

[1] To avoid confusion, the Court uses the named defendants' first names since they have the same surname.

[2] Anita was served May 29, 2024. Doc. #7-7. Anita—an attorney with Stamps & Stamps law firm licensed to practice in Mississippi—is representing herself in this case. Doc. #4 at 3.

[3] On June 24, 2024, Anita filed a "Motion to Dismiss, or Alternatively, to Transfer Venue" pursuant to Federal Rule of Civil Procedure 12(b)(3) but the Court denied it without prejudice for procedural reasons. Doc. #19.

[4] Anita initially filed a motion to dismiss pursuant Rule 12(b)(6) on July 16, 2024, Doc. #10, but the Clerk of the Court terminated it and directed it and the memorandum brief be refiled due to Local Rules violations.

[5] While no counsel of record appeared on Larry's behalf given Jones' failure to serve Larry, the Court presumed Anita represented Larry. Doc. #2 at 2.

> **[Jones] is directed to mail the proposed amended complaint that was attached to his motion to the Office of the Clerk for filing within ten (10) days. However, before filing his amended complaint, [Jones] should remove any reference to "Count Two, Abuse of Process" because the claim has been found to be futile, and [Jones] is also instructed to remove Defendant Larry Stamps from the caption of the case, as he was already dismissed without prejudice from this action.**

Doc. #38 at 10 (footnote omitted; emphasis in original). Jones did not file the proposed amended complaint.[6]

## II
## Diversity Jurisdiction: Amount in Controversy

In the removal notice, Anita invoked this Court's subject matter jurisdiction by asserting the existence of diversity jurisdiction. Doc. #1. Diversity jurisdiction requires that there be (1) complete diversity between the parties and (2) an amount in controversy more than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Pursuant to the Court's "independent obligation to determine whether subject-matter jurisdiction exists,"[7] the Court ordered Anita to show cause why this case should not be remanded due to her failure to satisfy the jurisdictional threshold amount because in the removal notice, "[w]hile Anita relies on the *types* of economic and noneconomic damages available under Mississippi law for the amount in controversy, Jones' complaint does not mention or detail any such specific types of damages. Rather, in his complaint, Jones alleges only that Anita and Larry 'defrauded [him] out of $5,500.00.'" Doc. #25 at 2 (footnote omitted; emphasis in original). In his response to the show cause order, Jones claimed that he "[is] requesting … for mental abuse,

---

[6] The only documents Jones filed by the deadline set was (1) an "Acknowledgement of Receipt" indicating he received on March 20 Judge Virden's March 17 order, Doc. #40; and (2) a "Pracepae" which states, "Please remove Defendant LARRY STAMPS as a Defendant from the caption of this cause of action," and "Please also dismiss COUNT without prejudice, COUNT TWO, 'ABUSE OF PROCESS', from the AMENDED COMPLAINT," Doc. #39 at PageID 369.

[7] *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).

3

elderly abuse and loss of [his] social security savings … an additional 25000.00 dollars relief for abuse, travel expense, and fraud." Doc. #26 at PageID 301 (cleaned up). In her response to the show cause order, Anita, citing Jones' request for an "additional $25,000," argues that such request, punitive damages, and noneconomic damages for emotional distress and mental anguish should be compounded with the economic damages of $5,500 initially pled by Jones to reach the requisite amount in controversy. Doc. #28 at 4–7. Anita elaborates:

> … [A]s "the master of his complaint," [Jones] did not limit his damages to said mere $5,500.00. [Jones], instead, demands an unspecified "amount that is sufficient to cover all noneconomic and economic damages applicable under Mississippi law." The liberally construed allegations of [Jones'] Complaint certainly contemplates [sic] damages beyond said mere $5,500.00.

*Id.* at 3 (citations omitted). Regarding damages for emotional distress and mental anguish, Anita submits that "Mississippi's federal courts have held that 'Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000.00;'" and regarding punitive damages, that "[f]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." *Id*. at 5, 6 (citations omitted).

"Subject-matter jurisdiction is determined at the time the complaint is filed," *Chaisson v. United States*, No. 23-10551, 2024 WL 81581, at *3 (5th Cir. Jan. 8, 2024), or as to a case initiated in state court, "at the time the petition for removal was filed," *Scarlott v. Nissan North America, Inc.*, 771 F.3d 883, 888 n.2 (5th Cir. 2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). The amount in controversy must be shown by a preponderance of the evidence. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). "A removing defendant can

4

meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." *Id*.

Here, the $5,500 damages amount in Jones' original complaint is far less than the requisite amount to cross the jurisdictional threshold.[8] Because it is Anita's burden to show jurisdiction exists and Anita's response to the show cause order presents no evidence to show by a preponderance that at the time of removal Jones' claims exceeded $75,000,[9] diversity jurisdiction is lacking and this case will be remanded for lack of subject matter jurisdiction.[10] So, Anita's

---

[8] Such would be the case even if the Court considered the "additional 25000.00 dollars" Jones claimed in his response to the show cause order.

[9] A party asserting the existence of subject-matter jurisdiction "is obliged to submit facts through some evidentiary method to sustain his burden of proof." *Chaisson*, 2024 WL 81581, at *2 (quoting *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015)). Interestingly, Anita argued in opposing the motion to amend that the proposed amendment complaint should not be permitted but also argued, without citing authority, that the proposed amended complaint's assertion of damages should be considered as "evidence" in determining the amount in controversy at the time of removal. Doc. #36 at 7. Since the proposed amended complaint was not filed, it is irrelevant.

[10] Even had Jones filed the proposed amended complaint, jurisdiction would still be lacking. The proposed amended complaint, which alleges more claims and damages than the $5,500 in damages alleged in the original complaint, seeks on the proposed fraud claim $100,000 in compensatory damages and $75,000 in punitive damages, and $5,500 on the proposed breach of contract claim. While 28 U.S.C. § 1653 provides for the amendment of pleadings to "'remedy inadequate jurisdictional allegations,' it cannot remedy 'defective jurisdictional facts.'" *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 831, 832 n.5 (1989)); *see Ryan v. Phillips 66*, 838 Fed. App'x 832, 835 (5th Cir. 2020) ("While Rule 15 [of the Federal Rules of Civil Procedure] is an appropriate vehicle to 'remedy inadequate jurisdictional allegations, it cannot remedy defective jurisdictional facts.'") (citing *Whitmire*, 212 F.3d at 888)). The Fifth Circuit in *Whitmire* explains why this is so:

> The danger against which a court must guard is that a party will attempt to use § 1653 to retroactively create subject matter jurisdiction. *See* Moore et al., Moore's Federal Practice § 15.14[3], at 15–34 (3d ed. 1999) ("Essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist; however, if there is no federal jurisdiction, it may not be created by amendment."). The cause for this concern is readily apparent: "never having had power to act in the matter, the court never had authority to permit an amendment to the complaint."
>
> Accordingly, courts have rejected attempts to add new claims to satisfy the amount in controversy necessary for diversity jurisdiction, or add new parties to their case to preserve a federal forum. ….

*Id*. (internal case citations omitted). Neither Jones, Anita, nor the order partially granting Jones leave to amend addressed whether the proposed amended complaint would have related back to the original complaint, for purposes of jurisdiction or otherwise. Though that issue need not be reached since Jones did not file the proposed amended complaint, the proposed amended complaint alleges no facts to explain why the alleged fraud claim damages increased from $5,500 to $100,000.

5

amended motion to dismiss will be denied without prejudice, and her motion to transfer will be denied as moot.

## III
## Conclusion

This case is **REMANDED** to the Circuit Court of Sunflower County, Mississippi; the amended motion to dismiss [12] is **DENIED without prejudice**; and the motion to transfer venue [23] is **DENIED as moot**.

**SO ORDERED**, this 28th day of March, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**